UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN C. BILLICK,

    Plaintiff,

v.                                                       Case No. 8:21-cv-70-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's unopposed amended motion for attorney's fees, expenses, and costs pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 39). For the reasons discussed below, the Plaintiff's amended motion is granted.

I.

The Plaintiff initiated this action in January 2021 seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits. (Doc. 1). In October 2022, the Court reversed the Commissioner's decision and

---

[1] Ms. Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, replacing the former Commissioner, Andrew M. Saul. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Mr. Saul as the Defendant in this suit.

remanded the case for further proceedings. (Doc. 30). The Clerk of Court entered Judgment for the Plaintiff the same day. (Doc. 31). The instant motion, filed on February 22, 2023, and uncontested by the Commissioner, followed.[2] (Doc. 39).

## II.

The EAJA authorizes a court to grant attorney's fees and expenses to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust. 28 U.S.C. § 2412(d). To warrant an award of fees and expenses under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and his net worth must not have exceeded $2,000,000 at the time he commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

---

[2] The Plaintiff's motion conforms to this District's applicable Standing Order, which requires that a party's fee application address both the party's entitlement to fees and the amount of the fee request in actions for review of the Commissioner's final decisions under either 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3). *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7, 2021).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by her lack of opposition. Thus, a grant of attorney's fees and expenses pursuant to the EAJA is appropriate in this matter.

In assessing the fee amount to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly

3

rates exceeding $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2 (M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022); *Bragg v. Comm'r of Soc. Sec.*, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021); *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021). The Court therefore finds it appropriate to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[3] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments). Given this case authority, the

---

[3] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

Court finds it reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Feb. 27, 2023).

Here, the Plaintiff seeks $7,998.49 in attorney's fees predicated upon a total of 37.5 hours expended in this action in 2020, 2021, 2022, and 2023 by his lawyer, Enrique Escarraz, III, at the hourly rates of $207.90 for 2020, $217.54 for 2021, and $233.07 for both 2022 and 2023. (Doc. 40). To buttress his fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Mr. Escarraz rendered in the case. (Doc. 40-2). The Commissioner does not object to the Plaintiff's calculated fee figure.

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rates claimed by counsel are reasonable and adequately supported. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021). The Plaintiff is thus entitled to $7,998.49 in attorney's fees.

The Plaintiff additionally seeks to recoup the $54.32 in expenses he incurred to effectuate service of process. (Doc. 39 at 1). This figure is comprised of a $40.00 charge for service of process and $14.32 in certified mail postage. *Id.* at 1, 9. The Commissioner also does not oppose this request.

A prevailing party may be compensated for expenses that were "necessary for the preparation of the party's case," 28 U.S.C. § 2412(d)(2)(A), which includes "[s]ervice fees," *Wheeler v. Kijakazi*, 2022 WL 229893, at *1 (S.D. Ga. Jan. 25, 2022); *see also Tocco v. Comm'r of Soc. Sec.*, 2022 WL 16947863, at *2 (M.D. Fla. Nov. 14, 2022) (awarding $23.44 in certified mail expenses pursuant to the EAJA), *report and recommendation adopted*, 2022 WL 16954494 (M.D. Fla. Nov. 15, 2022); *Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (approving a $40.00 service of process fee as reasonably incurred under the EAJA). The Plaintiff is accordingly entitled to be reimbursed the $54.32 he spent to perfect service.

Lastly, the Plaintiff asks that he be permitted to recover the $402 filing fee he paid to initiate this lawsuit. (Doc. 39 at 1). The Commissioner does not contest this relief either.

Numerous courts in this District have determined that filing fees are a compensable cost under the EAJA. *See, e.g.*, *Tocco*, 2022 WL 16947863, at *2 (finding the claimant's filing fee to be recoverable under the Act); *Decardenas v. Acting Comm'r of Soc. Sec.*, 2022 WL 4125049, at *2 (M.D. Fla. Aug. 9, 2022) (same); *Perry*, 2020 WL 4193515, at *2 (same). That said, several courts have concluded that unlike attorney's fees and expenses, which are reimbursed by the Social Security Administration, filing fees and other such covered costs must be drawn from the judgment fund administered by the Department of the Treasury. *See, e.g.*, *Kay v. Comm'r of Soc. Sec.*, 2021 WL 9595995, at *1 (M.D. Fla. Oct. 4, 2021) (explaining that a filing fee is awardable as a "cost," while a service of process fee is compensable as an "expense," and that those

6

amounts are paid out of two separate funds); *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021) (quoting *Walker v. Astrue*, 2010 WL 2572519, at *1 (N.D. Fla. June 1, 2010), *report and recommendation adopted*, 2010 WL 2572517 (N.D. Fla. June 22, 2010)), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sept. 7, 2021); *Selby v. Kijakazi*, 2022 WL 1205626, at *3 (N.D. Fla. Feb. 10, 2022), *report and recommendation adopted*, 2022 WL 1204129 (N.D. Fla. Apr. 22, 2022). Based upon these decisions, the Court finds that the Plaintiff is entitled to recover from the judgment fund the $402 filing fee he was charged to commence this matter. *See* 31 U.S.C. § 1304.

### III.

For the reasons set forth above, it is hereby ORDERED:

1. The Plaintiff's unopposed amended motion for attorney's fees, expenses, and costs pursuant to the EAJA (Doc. 39) is granted.

2. The Plaintiff shall be awarded attorney's fees in the amount of $7,998.49 and expenses in the amount of $54.32. The Plaintiff shall also be awarded costs in the amount of $402, which sum shall be paid from the judgment fund pursuant to 31 U.S.C. § 1304.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of these amounts shall be made payable to the Plaintiff. If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of the fee amount to the Plaintiff's lawyer in conformity with counsel's fee agreement with the Plaintiff.

SO ORDERED in Tampa, Florida, this 1st day of March 2023.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record